---

## CITY OF NEW YORK v. NINTH AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   March 12, 1909.)

1. STREET RAILROADS (§ 38*)— REPAVEMENT ALONG TRACKS — LIABILITY FOR COST.

   Under a street railway franchise, requiring the grantee to keep the space between the tracks and for two feet on each side in thorough repair; under Laws 1860, p. 715, c. 411, confirming the grant, subject to the regulations imposed; and under section 98 of the general railroad law, effective May 1, 1891 (Laws 1890, p. 1112, c. 565), requiring all railroads to keep in repair the pavement in such space—a company acting under the franchise was bound to repair the space when necessary, and, having refused to do so, was liable to the city for the cost of repavement.

   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 99–105; Dec. Dig. § 38.*]

2. STREET RAILROADS (§ 38*)— REPAVEMENT ALONG TRACK—NOTICE BY CITY— WAIVER.

   A street railway company waived requirements for notice to repave along its track where, in response to notice that unless the company repaved in certain streets the department of public works would do it at the company's expense, the company wrote the commissioner that it was advised that it was not responsible for repaving and that it did not desire to negotiate for repavement.

   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 99–105; Dec. Dig. § 38.*]

Appeal from Judgment on Report of Referee.

Action by the City of New York against the Ninth Avenue Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Theodore Connoly and Royal E. T. Riggs, for appellant.

Arthur H. Masten, for respondent.

INGRAHAM, J.   This action was to recover for the expense of repaving certain streets in the city of New York occupied by the defendant's railroad. The case was argued with the case of Mayor, etc., of the City of New York v. Broadway & Seventh Avenue Railroad

---

Company (decided herewith) 115 N. Y. Supp. 872. The defendant in this case acquired a franchise by virtue of a resolution of the common council of the city of New York passed on the 28th day of December, 1853, which provided that the said grantees (the defendant's predecessors in title) "shall keep the space between the tracks and the space for two feet each side of the same at all times in thorough repair." By chapter 411, p 715, of the Laws of 1860, this grant was confirmed, and the grantees were authorized and empowered to lay, construct, operate, and run a railroad over, upon, and through the avenues, streets, and places in said resolution mentioned, with the like power and subject to the like regulations as those specified in the said resolution. The defendant subsequently acquired the right of the grantees in this franchise and constructed the road under its provisions. It seems to me that this clearly imposed upon the defendant the obligation from time to time to lay such pavements in the street as should be necessary to keep it in thorough repair.

By the provisions of section 98 of the general railroad law (chapter 565, p. 1112, of the Laws of 1890), which took effect on May 1, 1891, the obligation was imposed upon all railroads to have and keep in repair the pavement between their tracks and two feet outside of its tracks, a provision which was discussed in the opinion in the Broadway & Seventh Avenue Case (decided herewith) 115 N. Y. Supp. 872. On February 24, 1890, the commissioner of public works addressed a letter to the defendant, calling its attention to the fact that the city was about to repave certain streets with granite block pavement, that the defendant was under an obligation to repave the space between the tracks, and notifying the defendant that, unless it comply with its obligations to pave these streets, the department would proceed to make such repavement at the expense of the defendant. No reply having been received to this letter, on June 10, 1890, the commissioner again notified the defendant that the department was about to enter into a contract for repaving certain streets, asking the defendant whether they would do the work, or preferred to have the work done under the department contracts and pay the city for the expense incurred. On February 26, 1891, a similar notice was given to the defendant in relation to certain other streets specified in the notice; and on March 19, 1891, the commissioner again called attention to these notices, and stated that he was without reply and that no reply had been received. Whereupon the defendant wrote to the commissioner that the pavements between the defendant's rails and the space for two feet each side of the same in the street had been kept by the company at all times in thorough repair, and they were advised that the company was not responsible for the proposed new pavement mentioned in the commissioner's letter. "We therefore have no desire to negotiate with your contractors for repavement of any portion of the streets within or about our tracks." Following this notice, the city went on and completed the pavement.

I think this was a waiver of the requirements for notice, and justified the city in proceeding with the repavement required without further notice to the defendant, and as both by the original resolution of the common council, under which the defendant acquired the right to

construct its railroads in these streets, and under the provisions of section 98 of the railroad law of 1890, the defendant was bound to repave the streets when necessary, that the defendant was liable to the plaintiff for the cost of the repavements.

It follows that the judgment in this case is reversed, and a new trial ordered before the same referee, with costs to the appellant to abide the event. All concur

---

### CITY OF NEW YORK v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 12, 1909.)

STREET RAILROADS (§ 38*)—STREET PAVING—LIABILITY OF COMPANY.

By accepting the terms of a resolution authorizing the use of streets for street railway purposes on condition that the grantee and his successors be bound absolutely and unqualifiedly to keep in permanent repair the parts of streets lying between the tracks and for two feet outside the rails, a company bound itself to make such repairs, including repaving when new paving is required in adjoining streets and avenues, the question for such necessity being for the municipal authorities to determine; but it has the right to do the work itself, and opportunity must be given it to do so before the company is liable for repavement or repairs made by the city.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 109; Dec. Dig. § 38.*]

Appeal from Judgment on Report of Referee.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

